[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DAVID M. NORTON'S MOTION TO SUPPRESS AND EXCLUDE
INTRODUCTION
David M. Norton, the defendant, was allegedly involved in a vehicular head-on collision September 17, 1993 in Woodbury, Connecticut. Trooper John Threlfall of the Connecticut State Police was assigned to investigate the matter, but was unable to interview Norton immediately because of injuries he sustained and a subsequent period of hospitalization. However, on November 27, 1993, the trooper interviewed the defendant, with Mrs. Norton present, in the offices of the Woodbury constabulary. The next day, Trooper Threlfall went to Norton's Woodbury home and obtained from the defendant an executed waiver of rights form and a written authorization to search the defendant's hospital records. — Norton has moved to suppress statements he made to the CT Page 2341 trooper on November 27, 1993 because prior to making such statements, he was not advised of his Miranda rights. The defendant also moves to suppress the fruits of the hospital record's search by the trooper because Norton claims it was tainted by the earlier, illegal interrogation.
The court on February 15, 1996 convened an evidentiary hearing on this motion to suppress.
The motion is denied.
FINDINGS OF FACT
Trooper John Threlfall on Saturday, November 27, 1993, telephoned David Norton's home and requested that he come to the Woodbury police station and answer questions concerning a September 17, 1993 automobile accident involving the defendant. Shortly thereafter, Norton with his wife drove to the police station. Since this was a Saturday, the police building was closed to the public. However, after making their presence known, a local Woodbury police officer, Thomas Story, responded to an entrance door and took Norton and his wife to a room where Trooper Threlfall was located. The particular room serves also as a lunch room for departmental personnel. Here, Norton was interviewed for approximately an hour and a half. Throughout this interview, Mrs. Norton was present; the defendant was never physically restrained in any manner; and was free to leave. Although the police building was closed to the public and thus the doors were locked to persons entering, Norton was never locked up nor was the interview room locked.[1] If he desired, he could have freely made an exit. However, he, personally, felt obliged to answer the trooper's questions and never indicated a desire to leave during the interview. When the questioning was completed, Mr. and Mrs. Norton left.
The next day, Sunday, November 28, 1993, Trooper Threlfall visited the Norton home on Weekeepeemee Road in Woodbury. He told the defendant that he wanted to search his hospital records pertinent to the accident and that if Norton did not sign an authorization for this purpose, the trooper would obtain the records by legal process. Threlfall presented Norton with an advisement of rights form, which Norton read, signed, and acknowledged he understood. State's Exhibit # 4. Norton then reviewed the authorization form and signed it. State's Exhibit # 3. CT Page 2342
In November of 1993, David Norton was a forty-year-old high school graduate and had been employed for twenty years by a lumber company.
CONCLUSIONS OF LAW
1. David M. Norton, while at the Woodbury police station on November 27, 1993 with his wife, was always free to leave; was never taken into custody by Trooper Threlfall; and thus the trooper was not legally obliged to warn the defendant under the federal or state constitution of Norton's Miranda rights. State v. Greenfield, 228 Conn. 62, 67-72 (1993); State v. Rasmussen,225 Conn. 55, 75-79 (1993); State v. Northrop, 213 Conn. 405,412-417 (1990); State v. Hoeplinger, 206 Conn. 278, 286-88
(1988).
2. The statements made by Norton to Trooper Threlfall at the Woodbury station house were given freely and voluntarily.
3. The proceedings conducted by Trooper Threlfall on Saturday, November 27, 1993 at the police station were in the opinion of this court legally proper and thus not the basis for tainting the further proceedings the next day, November 28, 1993, at the Norton home.
4. When David Norton signed the authorization form at his home on November 28, 1993, he was advised of his constitutional rights; understood those rights; and voluntarily signed the document. State v. Fields, 31 Conn. App. 312, 323-326 (1933), cert. denied226 Conn. 916 (1993).
5. The defendant's motion to suppress and exclude is denied.
An order may enter accordingly.
William Patrick Murray a judge of the Superior Court March 14, 1996